UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10109-CIV-KING

SULEYMAN UNUVAR,

Plaintiff,

v.

CITY OF KEY WEST, FLORIDA, *a*
*municipal corporation,*

Defendant.

_____/

**ORDER RESETTING
TRIAL: DECEMBER 7, 2009
PRE-TRIAL: OCTOBER 2, 2009
DISCOVERY DEADLINE: JULY 30, 2009
& MOTION DEADLINE: AUGUST 4, 2009**

IT IS ORDERED and ADJUDGED that this case is hereby reset for **trial** on the

one-week trial calendar commencing **December 7, 2009, at 9:00 a.m.**, at the

United States Courthouse, 301 Simonton Street, Key West, Florida.

## CALENDAR CALL

In order to make sure that cases set on this calendar are completely ready for trial and that

all matters which might be a cause of delay of the trial have been ruled upon, the court

hereby reschedules a **calendar call** for **December 3, 2009**, at **2:00 p.m.**, at the

James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor,

Courtroom #2, Miami, Florida. All Defendants, whether in pre-trial custody or released

on bond, must be present for this calendar call.

Under existing policies and agreements between the state and federal courts of

Florida, the judge who enters the first written order scheduling a case for trial on a date

set,  has priority over the service of the attorney so scheduled for the date set. See

Krasnow v. Navarro, 909 F. 2d 451 (11th Cir. 1990).

It shall be the duty of the attorneys herein set to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives a written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial scheduled setting, it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict free for this case.

Any private agreement, suggested or proposed Rule 16 scheduling conference agreements between counsel, Rule 16 scheduling order or orders of the court attempting to set dates or deadlines contrary to this order are hereby stricken and declared void.

The above-styled cause is hereby reset for **final pre-trial conference** on **October 2, 2009**, at **1:00 p.m.**, at the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Eleventh Floor, Courtroom #2, Miami, Florida.

## DISCOVERY AND MOTION PRACTICE DEADLINES

Pursuant to So. D. Fla. Rule 16.1, the parties shall abide by the following time schedule under penalty of dismissal or other sanctions:

> **JULY 30, 2009**: **DEADLINE FOR CONDUCTING DISCOVERY**. No discovery will be permitted after this date, in order that the parties and the court have all facts of record prior to the deadline for filing motions and at pre-trial conference.

## AUGUST 4, 2009: DEADLINE FOR FILING ALL MOTIONS.

Pleading practice ends on this date except for a response by opposing party and reply to response by moving party. All motions, including motions in limine, shall be filed prior to this date. Motions for extension of time for replies and responses will not be granted for the reason that all unresolved motions will be considered and ruled upon at the pre-trial conference.

**TEN** days prior to PTC: One attorney from each party having authority to enter into stipulations and make admissions, shall meet to prepare and file the final pre-trial stipulation.

The attorneys must stipulate to a "Statement of the Case," as required by the local rules of court. It will be unacceptable, and the pre-trial stipulation is subject to rejection by the court for the attorneys to draft separate Statements of the Case (i.e., one for the plaintiff, one for the defendant). A unilateral statement of the case by one party is not a stipulation of facts as contemplated by the Rules. This is not the place for counsel to make opening statements or closing arguments for their clients. It is a joint stipulation of what the case is about.

## SEPTEMBER 25 , 2009: DEADLINE FOR FILING PRE-TRIAL STIPULATION.

The pre-trial stipulation must be filed with the Clerk of Court (night box filing is not acceptable). A courtesy copy of the pre-trial stipulation shall be provided to chambers and chambers notified at (305) 523-5105 of any settlement between the parties by 4:30 p.m. on this date.

**PRE-TRIAL CONFERENCE**: The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented party. If there are any unresolved pending motions, counsel must be fully prepared to present argument to the court and may expect the court to rule on said motions at the final pre-trial conference. It is the purpose of the court in setting this schedule to have all issues resolved, with nothing for the attorneys to do between final pre-trial conference and trial, except to summon and prepare their

3

> witness for trial. It eliminates last-minute motion and discovery practice requiring lawyers to frantically respond to notices of deposition and motions.

This order, establishing the deadlines for completion of motion practice, discovery, and filing of Pretrial Stipulation shall be strictly followed by counsel, notwithstanding any Local Rule of Court or private agreement between counsel, any filed (or unfiled) proposed Local Rule 16 scheduling deadlines or any other order of the court by other Judges.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 25th day of June, 2009.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

4

cc:    Richard Gary Rumrell, Esq.
Alicia S. Curran, Esq.
Lindsey C. Brock, III, Esq.
RUMRELL COSTABEL WARRINGTON & BROCK
9995 Gate Parkway North
Suite 190
Jacksonville, Florida 32246
Facsimile: (904) 996-1120
***Counsel for Plaintiff***

Michael Thomas Burke, Esq.
JOHNSON ANSELMO MURDOCH BURKE PIPER & MCDUFF
International Building
2455 E. Sunrise Boulevard
Suite 1000
P.O. Box 030220
Fort Lauderdale, Florida 33304-0220
Facsimile: (954) 463-2444
***Counsel for Defendant***