UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-10109-CIV-KING/BANDSTRA

SULEYMAN UNUVAR,

    Plaintiff,

v.

THE CITY OF KEY WEST, FLORIDA,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant, City of Key West's Verified Motion to Tax Fees (D.E. 41) filed on October 9, 2009; and Defendant, City of Key West's Verified Motion to Tax Costs (D.E. 42) filed on October 9, 2009. On October 14, 2009, these motions were referred to the undersigned by the Honorable James Lawrence King for a Report and Recommendation pursuant to 28 U.S.C. §636(b). Having carefully considered the motions, all responses and replies thereto, attachments, the court file and applicable law, the undersigned recommends that Defendant City of Key West's Verified Motion to Tax Fees (D.E. 41) be DENIED; and that Defendant City of Key West's Verified Motion to Tax Costs (D.E. 42) be GRANTED IN PART in the amount of $3,930.32 as reasonable, statutorily permissible costs incurred in this litigation.

## ANALYSIS

Plaintiff, Suleyman Unuvar, is a Turkish Muslim who filed the instant action alleging that Key West Code Enforcement Officers harassed him based on his religion and national origin. Plaintiff filed suit against the City of Key West ("City") alleging a constitutional deprivation in violation of Section 1983 for violations of the Equal Protection Clause. 42 U.S.C. §1983. On

January 8, 2009, plaintiff filed a one count Amended Complaint alleging a violation of 42 U.S.C. §1983. Plaintiff specifically alleged that he was denied licenses for his street vending business and harassed by Code Enforcement Officers of the City due to his race and religion. Plaintiff also alleged that the City failed to train and supervise personnel to adequately discourage further discrimination and retaliation. Plaintiff alleged that these policies demonstrated the City's deliberate indifference which resulted in discrimination based on his race in violation of the Equal Protection Clause of the Fourteenth Amendment.

On August 4, 2009, the City filed its motion for summary judgment. On September 11, 2009, this Court entered an Order Granting Defendant's Motion for Summary Judgment in favor of the City finding that there were no genuine issues of material fact and that plaintiff did not establish a prima facie case against the City. On October 9, 2009, the City timely filed the instant motions to tax attorney's fees and costs.

A. Attorneys' Fees

Defendant City of Key West seeks attorney's fees pursuant to 42 U.S.C. §1988. Under Section 1988, a defendant who is a prevailing party is entitled to attorney's fees when the court finds that the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Baker v. Alderman,* 158 F.3d 516, 524-25 (11th Cir. 1988). The plaintiff's action must be "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe,* 449 U.S. 5, 14 (1980).

Applying this statutory criteria to the particular facts of this case, the undersigned finds that although plaintiff did not ultimately prevail, the claims presented were not frivolous, groundless or without any foundation; nor did plaintiff or plaintiff's counsel unreasonably and vexatiously multiply

the proceedings so as to warrant an award of attorney's fees and costs not properly taxable under §1920. While it is clear that the Court's decision to grant summary judgment is amply supported by the record, the undersigned finds that it cannot be said that an objective examiner would find plaintiff's claims so patently devoid of merit so as to be frivolous or an unreasonable, vexatious abuse of process. The undersigned notes that the initial complaint was not dismissed with prejudice. Plaintiff's Amended Complaint was answered by the City and this case proceeded with discovery prior to defendant filing its motion for summary judgment. Plaintiff attempted, albeit unsuccessfully, to support his claims through deposition testimony and documentation. Defendant, in its reply, admits that "facts regarding the City's policymakers, the lack of ratification by the City, and the absence of any prior similar incidents would not have been evident at the inception of the case" but assumes without foundation that "all the facts establishing that Plaintiff had not suffered a constitutional deprivation would have been known to Plaintiff (and his counsel) prior to the commencement of litigation." *See* Defendant, City of Key West's Reply in Support of Its Verified Motion to Tax Costs, pg. 4.

The Court's ultimate dismissal of plaintiff's claims does not in and of itself establish that plaintiff's claims were completely groundless. *See Crawford,* 576 F.Supp. at 814; *Anthony v. Marion County General Hospital,* 617 F.2d 1164 (5th Cir. 1980)(plaintiff's case was dismissed with prejudice for ignoring numerous notices and failing to attend hearings and depositions. Nonetheless, this failure to prosecute did not establish that the claim was frivolous or vexatious so as to warrant an award of attorney fees to defendant.) This Court conducted a detailed review of the substantial evidence submitted in rendering its ten page Order in carefully considering plaintiff's claims. The undersigned finds that, although it was clearly appropriate for this Court to grant summary judgment,

defendant has failed to establish that the action was frivolous.

> No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial...Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Therefore, the undersigned recommends that defendant's request for attorney's fees and expenses not authorized by Section 1920 be denied.

B. Costs

Federal Rule of Civil Procedure 54(d) provides that costs shall be allowed to the prevailing party. Specific costs which may be awarded are set forth in Rule 54, Fed.R.Civ.P., and 28 U.S.C. §1920. Generally, "the trial court in the exercise of sound discretion may tax all reasonable expenses incurred by a prevailing party under the five headings listed in §1920 and under Rule 54(d)." *Pricipe v. McDonald's Corp.*, 95 F.R.D. 34, 36 (E.D. Va. 1982). In the instant case, defendant prevailed in obtaining summary judgment in the underlying action. All the costs that defendant seeks are authorized by 28 U.S.C. §1920[1]. Those costs that are not authorized by §1920 have been excluded.

Defendant requests costs in the modified amount of $3,930.32 to reimburse expenses paid for filing fees, service fees and court reporter services associated with obtaining the transcripts of depositions of witnesses in this case. Plaintiff argues that the cost for obtaining two of the deposition transcripts should not awarded. However, under 28 U.S.C. § 1920(2), the costs of obtaining transcripts "necessarily obtained for use in the case" are taxable. *National Bancard Corp.*

---

[1] Defendant has voluntarily deducted $41.00 of costs not authorized by statute.

*v. Visa, U.S.A. Inc.,* 112 F.R.D. 62, 66 (S.D. Fla. 1986) (citations omitted). To be taxable, transcripts need to be "reasonably necessary." *Barber v. Ruth,* 7 F.3d 636 (7th Cir. 1993). Transcripts of depositions of witnesses expected to be called at trial are "reasonably necessary." *Allen v. U.S. Steel Corp.,* 665 F.2d 689, 6970 (5th Cir. 1989); *National Bancard Corp.,* 112 F.R.D. at 65-66. This is so regardless of whether the witnesses were actually called at trial or the case even made it to trial. As the Fifth Circuit Court of Appeals explained, "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir. 1993) (citations omitted). Accordingly, the undersigned finds that all the costs requested are reasonable, necessary and recoverable. 28 U.S.C. §§§ 1920 (1),(2), and (3).

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that:

(A) Defendant City of Key West's Verified Motion to Tax Fees (D.E. 41) be DENIED; and that

(B) Defendant City of Key West's Verified Motion to Tax Costs (D.E. 42) be GRANTED IN PART in the amount of $3,930.32 as reasonable, statutorily permissible costs incurred in this litigation.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas*

*v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this 8th day of January 2010.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All Counsel of Record